No. 540

KRAFT v. RECH

Ohio Appeals.   9th District Summit Co.

No. 1114.   Decided April 22, 1926.

1271.  WILLS—The law favors vesting of estates at death of testator, and they will so vest unless expressly limited to commence at distribution or at death of life tenant.

FUNK, J.

Ethel Kraft brought this action in Summit Common Pleas to partition certain realty, alleging ownership in an undivided one half thereof under the will of her grandfather, John Rech.  The interest she claims was devised to her father in said will, and her father died intestate after the death of testator.

William Rech, a son of testator, claims that Kraft's faher acquired no property under said will, and that therefor Kraft han no interest in said land.

Kraft's right to partition depends upon the construction placed upon the following clauses in said will:

WILL:—"*** the residue of my estate real and personal I give and bequeath to my be-

## STATE COURT OF APPEALS—Continued

loved wife during her natural life and after her death whatsoever there is left of the estate is to be divided between my two sons, to my son William G. Rech one half, to my son Henry C. Rech, one half less two hundred dollars to be given to his daughter Ethel when she gets married but in case my son Henry dies then his daughter to have four hundred dollars the balance to go to my son William G. Rech."

CODICIL:—"I wish to give to my beloved wife the right to sell any real estate if necessary for her support and give deed to the purchasers. I also wish to give to our daughter Ethel, five hundred dollars in the place of the two hundred dollars mentioned in my will. Which is to be given to her when she is of age."

Rech's contention is based on the fact that Krafts father died before life tenant and that no property therefor was vested in him at the time of his death.

Common Pleas refused to support this contention and entered decree fr Kraft, to which Rech appealed. Court of Appeals held:

1. Reading the codicil and will together it is the manifest intention of testator that estate should vest in remaindermen at his death.

2. The law favors a vesting of estates at death of testator.

3. Unless will expressly provides for vesting at distribution or at death of life tenant, estates vest at death of testator.

Decree ordered accordingly.

Attorneys:—Rockwell & Grant, for Kraft; Doolittle, Foust & Hlden for Rech; all of Akron.