## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

**1271. WILLS AND LEGACIES.**
Where will directs trustee to pay mortgage indebtedness out of income from estate and when such indebtedness is paid, to distribute remainder of estate; interest of distributee vests as of day indebtedness would be paid. Webb v. Biles, et, OA. 5 Abs. 607.

**1295. ZONING ORDINANCES.**
Fact that builder has building permit from City does not excuse violation of Zoning Ordinance. Ernsberger et v. Bemis, et, OA. 5 Abs. 614.

## EPITOMIZED OPINIONS
### Published only in the Abstract

### No. 684
### AYERS, Tee. v. CRAWFORD LAND CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7561. Decided June 13, 1927.

Mauck, PJ., and Middleton, J., of the 4th Dist.. sitting by designation.

**755. MECHANICS' LIENS—60.** Assignments—Where money advanced by party as trustee was not received by laborers as loan but as payment of wages due, assignments made by laborers are not basis for lien. Laborers could not make valid assignment of claim unless they so understood.

Appeal from Common Pleas.
Petition Dismissed.

First Publication of this Opinion.

MIDDLETON, J.

This cause comes into this court on appeal We have considered the evidence and have reached the conclusion that it establishes that the money advanced by plaintiff as trustee was not received by the various laborarers as a loan but as payment of their wages due for labor and in liquidation of all their claims in that respect against The Stubb Construction Company. This being so, when the various assignments made by them were signed there was no longer any basis for a lien in their be half and they could not, then nor thereafter, for themselves, file a statement of lien, and therefore could not, of course, effectually authorize or empower an agent so to do. Furthermore, when they received full payment for their work and labor they could not make a valid assignment of their claims unless they so understood. The evidence shows that this alleged assignment of contract between them and the plaintiff, which the latter relies upon in this proceeding, was wholly fictitious and not by any understanding or agreement of the parties thereto.

We are of the opinion that a court of equity would not be warranted in approving proceedings such as are shown by the evidence in this case for the reason that, while in the instant case the parties may not have intended a fraud,

a precedent would be set under which interable confusion might arise in the administration and enforcement of the lien laws.

The petition of the plaintiff is therefore dis missed.

(Mauck, PJ., concurs.)

Attorneys—Schwab & Heifer, Akron for Ayers; Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Land Co.

### No. 685
### WEBB v. BILES, et.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3087. Decided May 2, 1927.

**1271. WILLS A N D LEGACIES — 1237.** Vested rights—1. Where will directs trustee to pay mortgage indebtedness out of income from estate and, when such indebtedness is paid, to distribute remainder of estate, interest of distributee vests as of day indebtedness would be paid.

Error to Common Pleas.
Judgment reversed.

First Publication of this Opinion.

CUSHING, J.

Elizabeth Voight Webb, in an action against Hannah M. Biles, et, prayed for a construction of the will of John Webb, Jr., and that the court instruct the trustee as to her duty in managing and distributing the estate.

The trial court sustained a demurrer to the petition, dismissed the action, and entered judgment for costs against the plaintiff. This action is prosecuted to reverse that judgment.

The will and codicil were pleaded. John Webb, Jr., executed a will on October 8, 1902, added a codicil on June 8, 1904, and died August 27, 1904. The will was probated. Mary Webb, testator's widow, died in 1914. John Benjamin Webb, a son, died without issue October 29, 1923, and left a will in which he devised all his property, real and personal, to Elizabeth Voight Webb, the plaintiff. At that time the trustee under the will of John Webb, Jr., retained a large amount of personal and real property.

Hannah M. Biles, after qualifying as executrix and trustee, collected the income from the estate of John Webb, Jr., and annually distributed it to John B. Webb, Harry Storrs Webb, Hannah M. Biles, and Lydia P. Sims, one-fifth each; to Ruth Neiding and Marie Matthews, children of Mary Rebecca Sorin, one-tenth each.

After the death of John Benjamin Webb, the trustee divided the income into four parts, paid it to the distributees other than plaintiff, and refused to pay any part of it to her.

Title to all the property vested in the trustee on the death of John Webb, Jr. Aside from managing the estate, paying expenses incident thereto, the trustee was charged with four duties:—

1. To provide for the support, comfort and convenience of Mary Webb, the widow, and to use the remainder of the net income to pay off mortgage indebtedness on the real estate.

2. At the death of Mary Webb, to deed specific real estate described in Item 13 of the will, to John B. Webb, Mary Rebecca Sorin, Henry S. Webb, Lydia P. Sims and Hannah Mary Biles. But in case of the death of any of his children, previous to the death of his wife, the share of each shall be deeded to the issue of such child, and if there is no such issue, said real estate shall become a part of the residuary estate.

3. To pay the mortgage indebtedness and all claims against his property out of the income from the real estate.

4. To sell the property, pay the legacies, and distribute the estate.

The will directed the trustee to manage and control the estate until the net income thereof should be sufficient to pay off the mortgage indebtedness, then said trustees were directed to pay said indebtedness and thereafter immediately convey all the real estates and money that may remain in their hands to the children, and the issue of any desceased child share and share alike per stirpes.

The interest of the distributees was contingent and did not vest until the period of distribution. Barr v. Denny, 79 OS. 358.

The next question is, has the date for distribution arrived; can it be ascertained; and if so, when was it, or when will it be?

The trustee was not vested with discretion, other than the amount of money that could be paid for the support, comfort, and convenience of Mary Webb. The period of discretion ended in 1914, on the day Mary Webb died. From the only record before us, the trustee at no time used the net income from the estate to pay off the mortgages. On the contrary, the trustee without discretion, right or authority, distributed the income to the persons that, if living or their issue, if there be such, would be entitled to receive the same, when the period of distribution arrived.

The mortgage indebtedness, at the date of the death of John Webb, Jr., should be ascertained. The amount of interest paid on those mortgages from that date to the date of the death of John Benjamin Webb should be computed.

The amounts paid annually by the trustees to the distributees should be taken, and, added thereto, should be interest at the same rate that was paid on the mortgages, provided that rate is the same or less than the legal rate of interest, and these annual payments, with interest, should be considered as having been paid on the mortgages. The date of distribution would be the date when the total of these annual payments, plus interest, equaled the amount of the mortgage indebtedness. The date, so determined, would fix the period of distribution, and the vesting of the title in the distributees.

If the date so determined is prior to October 29, 1923, the day on which John Benj. Webb died, the plaintiff would be entitled to the distributive share of her deceased husband. If the date on which the mortgage would have been paid is subsequent to October 29, 1923, she cannot have any share of the estate of John Webb, Jr. The judgment of the Common Pleas will be reversed and the cause remanded for further proceedings according to law.

Judgment reversed.

(Hamilton, PJ., and Buchwalter, J., concur.)

Hamilton, PJ., (concuring)—

I concur in the conclusion that the trial court erred in sustaining the demurrer to the petition. However, I incline to the view that the legacies in question vested either at the death of the testator, or upon the death of the surviving widow, but reserve my conclusions as to the time of vesting until all of the controlling questions can be brought before the Court.

Attorneys—David Davis, Herbert G. Jacobson and Barnes, McKenna & Halsted for Webb; Pogue, Hoffheimer & Pogue for Biles, et; all of Cincinnati.

---

No. 686

HIGBEE COMPANY v. CRUM

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7590.  Decided June 20, 1927.

615. HUSBAND AND WIFE—Wife may be held liable on account for necessaries where account is opened by her and credit extended on strength of her financial responsibility.

Error to Common Pleas.
Judgment reversed.

First Publication of this Opinion.

VICKERY, J.

In the court below, the plaintiff in error brought this suit to recover balance due on a book account amounting to $1,031.47. The petition alleged that the suit was brought upon a book account for goods sold and delivered. A copy of the account was attached to the petition. The answer was a general denial and the trial resulted in a verdict for the defendant. Judgment was set aside by the Court of Common Pleas on the grounds that the judgment was contrary to law, whereupon the case came up for trial again and before the trial proceeded, an amended answer was filed, and in addition to the allegations of the first answer, it contained the further allegation, that at the time of the contraction of the account for which the suit was brought, the defendant was a married woman living with her husband, A. Phelps Crum, and that the goods purchased were necessaries for the family, and that he and not she was responsible for them, or words to this effect.

Reply was filed to this second defense, the effect of which was to show that while it might be true that she was a married woman, this bill was contracted by her and was charged to her, and she had promised to pay it. On the second trial, the jury returned a verdict for the defendant. A motion for a new trial was made and overruled, and judgment was entered upon the verdict. It is to reverse that judgment that error proceedings are brought on at