KECHELEY v KECHELEY et.

Ohio Appeals, 6th Dist, Wood Co

No. 451. Decided May 6, 1929

William Dunipace, Bowling Green and Lelan S. Middleton, for plaintiff.

Earl D. Bloom, Bowling Green, for defendant.

WILLIAMS, J.

Henry T. Kecheley and his wife, Catherine E. Kecheley, have three children, Harold M. Kecheley, 23 years of age, Mable Kecheley who will be 21 years of age May, 1929, and Helen E. Kecheley, 19 years of age. Plaintiff's son, Harold M. Kecheley and his wife Carrie E. Kecheley, have executed and delivered deeds of conveyance of their interest to the plaintiff. By reason thereof plaintiff claims to own an estate in fee simple in an undivided one-third of the premises. If plaintiff's claim is well founded he would be entitled to partition. **Tabler vs. Wiseman, 2 Ohio St., 207.**

Did the estate vest in the children of Henry Kecheley at the death of the testator?

The remainder after the termination of the life estates goes to the children of Henry Kecheley share and share alike subject to the contingency that "if such issue fail" the remainder shall go to the surviving grandchildren, share and share alike. Under the terms of this will if, at the time of the termination of the prior life estates, the children of Henry Kecheley were all dead, such "issue" would fail within the meaning of the language of the will and the grandchildren of Henry Kecheley living at the time of the termination of the life estates would take the property. It is true that the law favors the vesting of estates, and unless it is apparent from the four corners of the will that the intention of the testator is otherwise, the estate devised will vest at the time of the testator's death. But where the intention of the testator, as shown by the will, is that the vesting of the estate shall be postponed, such intention will control.

**Tax Commission vs. Trust & Savings Bank, 24 Ohio App., 231;**
**Bolton vs. Bank, 50 Ohio St., 290, 293.**

The will in question provides for the gift of the remainder to a class, namely: plaintiff's children in the first instance, but upon the happening of a certain contingency it shall pass to another class, namely the surviving grandchildren. If all of the children of the plaintiff should be dead at the termination of the life estates, the remainder would go to the grandchildren then surviving. Those who constitute the class that will take the remainder can not be determined until the termination of both of said life estates.

As the remainder did not vest in the children of plaintiff, his son had no estate to convey to him and the plaintiff is only owner of his life estate and life interest of his wife, which was transferred by her to him.

The remainder therefore did not vest and the plaintiff is not entitled to partition.

Richards and Lloyd, JJ, concur.