**MILLER v BERK, Exrx et**

Ohio Appeals, 9th Dist, Summit Co

No 2034. Decided Jan 26, 1933

Burroughs & Burroughs, Akron, for plaintiff in error, and defendants in error and cross-petitioners in error Eunice Miller, Nettie Miller, and Grace Knapp.

Lee Ferbstein, Akron, S. D. Kenfield, Akron, and Irving Berk, for defendant in error Anna L. Berk, Executrix and sole devisee of Nathan M. Berk.

Brouse, Englebeck, McDowell & Bierce, Akron, for defendant in error Mattie C. Burnham.

Slabaugh, Seiberling, Huber & Guinther, Akron, for defendant in error Paul R. Miller.

FUNK, J.

Counsel for plaintiff in error represent all the children of Henry E. Miller, deceased, who are the persons who executed the quitclaim deed to Nathan M. Berk. All of said children seek a reversal of the judgment of

the court below—one of them being plaintiff in error, and the other three being defendants in error who filed cross-petitions in error.

Said counsel claim that, at the time the children of said Henry E. Miller, deceased, executed and delivered said quit-claim deed to Nathan M. Berk for said undivided one-fourth interest in said real estate, they did not have such an interest therein as was capable of being conveyed to a stranger, because, under the language of item sixth of said will, said Henry E. Miller, and, after his death, his four children, had only a contingent remainder in the real estate devised, and that therefore title to it could not vest in either the children of the testator or the children of said Henry E. Miller, deceased, until the marriage or death of the widow, Apphia B. Miller, and that the said children of Henry E. Miller, deceased, thus had no interest in said property to convey at the time the deed was executed, and that, it being merely a quit-claim deed, there was no covenant of warranty upon which any liability could now attach.

Counsel for Mrs. Berk claim that upon the death of testator, said Henry E. Miller took a defeasable vested remainder, and that immediately upon his death his children took a vested remainder in fee simple.

A determination of this controversy depends upon the construction of said items fifth and sixth of the will of said Henry F. Miller, deceased.

In support of their position, counsel for plaintiff in error contend that the language of the will clearly provides for the vesting of a single estate in fee simple once and for all, either in the four children of the testator, or in their heirs, at the marriage or death of Apphia, and that it does not provide for a succession of estates with separate divesting clauses applying to each set; the contention being that the provisions "the said property to be divided among them or their heirs equally, the children of any one to have, in case of the death of either, such sum as the parent would be entitled to if living," are words postponing the vesting of the estate to the time of the marriage or death of Apphia, and must be construed as designating the persons in whom the estate shall vest at the marriage or death of Apphia; that the word "heirs" is used to designate the persons who will take in the event that one or more of the four named children of the testator shall not be living at the time of the marriage or death of Apphia; that those who

will take will be those who are at the time living and fall within this description, and who may be the children or more remote heirs of the children of testator, and that therefore the persons to take the estate cannot be ascertained until the marriage or death of Apphia; and as an estate cannot vest in unascertained persons, it follows that the intention of the testator must have been that the vesting was not to take place until the marriage or death of Apphia.

Said counsel further contend that the "dividing" is a part and parcel of the gift, and when taken in connection with the words "from that time to hold," indicates "a clear plan of the testator to keep the property in the Miller family," to vest among such members of the family as may then be ascertained to answer to the description of those who shall take at the remarriage or death of Apphia.

Said counsel further contend that the words "from that time to hold" indicate that it was the intention of the testator that title should vest at the marriage or death of his widow and that said words are useless and meaningless if they do not carry such meaning.

We cannot agree with these contentions of counsel for plaintiff in error, for the following reasons:

First. Not being unmindful of the rudimentary principle that the ultimate object in the construction of a will is the ascertainment of the intention of the testator, and that such intention, when once ascertained, must control, the force of the contentions of counsel for plaintiff in error seems to be largely, if not entirely, dispelled by certain well-established rules of law, recognized in our own state, that courts will never construe a remainder to be contingent when it can be taken to be vested, and that where a will is ambiguous and there is doubt as to the particular time at which the estate shall vest, it will be construed to vest at the earlier date, and that the estate vests at the death of the testator unless there is a clear manifestation of the intention of the testator to the contrary.

Counsel for Mrs. Berk contend that the real purpose of the language, "the said property to be divided among them or their heirs equally, the children of any one to have, in case of the death of either, such sum as the parent would be entitled to if living," was to make sure that if any of said four children should die before the marriage or death of Apphia, the share of such deceased child of testator should go to

the children of such child and not to the survivors of testator's children.

We are inclined to agree with this contention; at least, we think that such intention is not an inconsistent or unreasonable construction to be placed upon the language used.

Moreover, the rule seems to be settled that the expressions, "from that time to hold" and "the said property to be divided among them or their heirs equally" shall, where possible, be construed to relate merely to the time of enjoyment or taking possession, rather than to the time of vesting; and, while they seem to be needless repetition, they may be regarded as surplusage, unless from the context or other aids of construction it clearly appears that the testator used them in some other sense. After careful consideration, we think that they should be construed as relating merely to the time of possession.

Second. The courts of this state recognize a clear distinction between a vested remainder, a defeasable vested remainder —that is, a vested remainder subject to be divested, and a contingent remainder.

It is settled in Ohio that a remainder is vested when there is a present fixed right to a future enjoyment and there is a certain and definite person in being who would have the right of possession immediately upon the termination of the intervening estate which supports it. A remainder is contingent which comes into enjoyment or possession on the happening of some uncertain event and which uncertainty must be as to the right of enjoyment and not the uncertainty of its actual enjoyment; in other words, the uncertain event as to the right of enjoyment must happen or take place before such remainderman has the right of enjoyment or possession, and is a condition precedent to the right of enjoyment or possession. A defeasable vested remainder is a vested remainder which is subject to be divested by some future uncertain event—which event is generally designated as a condition subsequent.

It is also settled that where a remainder is otherwise vested, it does not become a contingent remainder because it is liable to be divested by a subsequent event, such as the death of the remainderman before that of the life tenant.

We are clearly of the opinion that the undisputed facts and the language of the will in the instant case, put the estate which Henry E. Miller and his children took under said will squarely within the rule adopted by the Supreme Court of the United States in the case of Doe, Lessor of Poor, v Considine, 6 Wall. 458, at p. 476, and by the courts of last resort in New York (Moore v Lyons, 25 Wend. 119, at p. 144) and Massachusetts (Blanchard v Blanchard, 1 Allen 223, at p. 227), and which rule is quoted with approval in **McCarthy v Hansel, C.C. (N.S.), 283, at p. 288, 4 Oh Ap 425, 38 O.C.C. 608,** and which is followed and accepted by our courts as the established rule in Ohio.

Under the record in the instant case, it is apparent that Henry E. Miller was, up to the time of his death, a definite person with a present fixed right of immediate possession upon the marriage or death of Apphia, and that the estate he took comes squarely within the definition of a defeasable vested remainder.

It is also perfectly clear that, so long as Henry E. Miller lived, there was nothing but the life estate of Apphia that kept him out of possession, and upon his death the same situation became true of his children who executed and delivered the deed to Berk.

At no time during the life of Apphia was there a time when there was not someone in being, ascertained and ready to take possession upon the termination of her estate, viz., upon her marriage or death, and this situation could not have been changed by the death of any or all of such grandchildren, as there were no further conditions subsequent in the will making their estates terminable in any event or under any circumstances. Hence, at the death of their father their interest, whether it had been before that time an executory devise or a contingent remainder, became immediately an absolutely vested remainder in fee simple in them, and would thus go by inheritance to their heirs in the event of the death of any of them, and not as a devise under the will of testator.

Furthermore, it will be noted that the devise was not to an executor to divide or to sell and divide, nor was the gift found only in a direction to divide or sell and divide at a future time; neither does the language used contain words of survivorship which clearly indicate that the property should not vest until the death of the life tenant, but on the contrary the devise is direct to four named children of the testator, and, in the event of the death of any of them, direct to their children.

The following are some of the authorities, in addition to those heretofore cited, which support the rules hereinbefore mentioned and the conclusions we have arrived

at in applying them to the facts in the instant case:

10 Oh St 101, Jeffers v Lampson.

25 Oh St 283, at p. 297, Gilpin v Williams.

33 Oh St 128, Linton v Laycock.

40 Oh St 353, Collins v Collins.

109 Oh St 36, at p. 52, Tax Comm. v Oswald.

120 Oh St 542, at p. 549, In Re Hutchinson.

10 Oh Ap 242, 40 O.C.C. 519, 29 O.C.A. 113, LaRoche v LaRoche.

12 Oh Ap 424, 32 O.C.A. 510, Hudson v Kellermann.

24 Oh Ap 400, Kraft v Rech, (4 Abs 467; 6 Abs 60).

113 U. S. 340, McArthur v Scott.

16 O. Jur., "Estates," §§91, 92, 93 and 94, p. 467 et seq., and §98, p. 479.

23 R.C.L., "Remainders," §§27, 28 and 29, p. 496 et seq.; §§36, 37, 38 and 39, p. 504 et seq., and §§41, 42 and 43, p. 508 et seq.

Third. The will under consideration in the instant case has been heretofore considered by the courts of this county and the Supreme Court of Ohio in the case of Miller v Miller, being No. 14424 in Common Pleas Court, No. 919 in Circuit Court, and No. 12651 in the Supreme Court, as appears in 86 Oh St 345, in reference to what lien, if any, was created by a mortgage given by said Henry E. Miller prior to his death, covering his undivided one-fourth remainder interest in said property. The Supreme Court wrote no opinion, and only the journal entry disposing of the case appears in the report.

Counsel for the children of Henry E. Miller, deceased, contend that the only construction to be given to the judgment of the Supreme Court is that Henry E. Miller took only a contingent remainder, and that the estate thus did not vest until the marriage or death of the widow Apphia; while counsel for the Berk estate contend just as strongly that said judgment was upon the basis that Henry E. Miller took a vested remainder, subject to be divested in the event of his death prior to the marriage or death of the widow, Apphia.

In considering that case, we have had the benefit of the printed record and the printed briefs of counsel, used in the Supreme Court, which record contains the finding of facts and conclusions of law of the Common Pleas Court, upon which, together with the stipulations on behalf of all parties that seven years had elapsed since said Henry E. Miller was last heard of and that he was dead at the time of the commencement of the action, the case was heard in the Circuit Court.

This record shows that the Common Pleas Court found that said Henry E. Miller had disappeared in 1903, but that as seven years had not then elapsed since his disappearance, said court could not find that he was dead, and specifically held that Henry E. Miller took a defeasable vested estate, and that, if he died before the death or marriage of the widow Apphia, his estate would be defeated, and that his four children would take the one-fourth part of the property described as devisees under the will, and not by inheritance from their father, Henry E. Miller, deceased.

The Circuit Court, upon appeal—it being then stipulated that Henry E. Miller had died before the death or marriage of the widow Apphia—construed said will directly opposite from the construction placed upon it by the Common Pleas Court and held that Henry E. Miller took a vested remainder in fee simple and that his said four children took said one-fourth part of said property by inheritance from him, and not as devisees under the will.

After a thorough consideration of the original record and briefs in the Supreme Court, we are clearly of the opinion that the Supreme Court, having given effect to the fact that Henry E. Miller had died before the marriage or death of the widow Apphia, held that the law was as decided by the Common Pleas Court, as it was unnecessary to have given any effect to the death of said Henry E. Miller if said court had based its judgment on a holding that said Henry E. Miller took only a contingent remainder.

Counsel on both sides in this case have presented able and exhaustive briefs and made exhaustive and able arguments concerning not only the interpretation of the will under consideration in the light of the printed record and briefs in the case of Miller v Miller, supra, but also in analyzing many of the authorities cited on both sides and giving their respective reasons as to why the cases cited should be construed as supporting their respective claims. However, our experience is that there is not much to be gained by matching cases on wills, as there always seems to be something in the particular language or the sequence of the wording and the context, when taken as a whole, that makes each will just a little different from the others.

After giving all the cases commented upon our careful consideration, we hold that said Henry E. Miller had a defeasable vested remainder in said premises, and that

upon his death his children immediately took a vested remainder in fee simple, and that the same was alienable by them at the time they executed said deed (**123 Oh St 249, Millison v Drake.**)

Our attention is called to a statement made by this court in an unreported case concerning the case of **Miller v Miller, 86 Oh St 345.**

That statement was a mere incident in the case we were deciding, and at that time we did not have the information which we now have concerning the case of Miller v Miller, supra. We did not have the benefit of the printed record and briefs used in the Supreme Court in considering that case, neither was our attention called to many of the authorities now before us; and we did not have the opportunity to give the Miller case the careful consideration we have given it in the instant case and which has led us to the conclusion set forth in this opinion.

The judgment will therefore be affirmed.

PARDEE, PJ, and WASHBURN, J, concur in judgment.