**ROGERS v SCHULLER et**

Ohio Appeals, 7th Dist, Mahoning Co

No. 2441. Decided April, 1938

Raymond L. Falls, Youngstown, for appellee.

Clyde W. Osborne, Youngstown, and Squire, Sanders & Dempsey, Cleveland, for appellant.

## OPINION

By NICHOLS, PJ.

Rilla J. Hilker, a resident of Mahoning County, died testate in the year 1923, her will being admitted to probate in that county February 13, 1923. Bruce Rogers was appointed and qualified as executor under the will and subsequently, on March 13, 1924, was by the Probate Court of Mahoning County appointed and qualified as testamentary trustee and is still acting as such trustee.

December 15, 1927, John Loew executed a joint and several bond with the other directors of the Ohio Savings & Loan Company, which bond designated Bruce Rogers, trustee, as the obligee, being conditioned to

secure the payment, within thirty days after demand and notice, of deposits made by such trustee in the Ohio Savings & Loan Company.

The Ohio Savings & Loan Company was placed in the hands of a receiver for liquidation on April 25, 1930, and written demand for payment of the deposit was made by Bruce Rogers, trustee, on October 23, 1931, and payment refused.

John Loew died, and Frederika Loew was duly appointed executrix of his estate January 26, 1931, and notice of her appointment was duly published. No claim was ever presented to the executrix of the estate of John Loew and no suit was ever filed against the executrix to recover on the depository bond. The estate of John Loew was administered and the executrix discharged by order of the Probate Court on May 27, 1932.

Frederika Loew as the sole devisee and legatee under the will of John Loew, received assets of the value of $548.85 in excess of her year's allowance and after payment of the debts, funeral expenses and other charges.

After the final account of Frederika Loew as executrix of the estate of John Loew, deceased, had been filed and approved, and the executrix discharged by the Probate Court, Bruce Rogers, trustee of the estate of Rilla J. Hilker, deceased, brought this action in the Common Pleas Court of Mahoning County against George Schuller and others, sureties on the depository bond, to recover the balance of the funds deposited by such trustee in excess of the amount paid by the receiver of the Savings & Loan Company.

Frederika Loew was made party defendant to the action in the Common Pleas Court pursuant to the provisions of §§10509-216 and 10509-217, GC. In this action judgment was rendered by the court in favor of plaintiff, against Frederika Loew, in the amount of $548.85, the extent of the value of the estate taken by her from her deceased husband. Appeal on questions of law is prosecuted to this court from that judgment by Frederika Loew.

Sec 10509-216, GC, is as follows:

, "After the settlement of an estate by an executor or administrator, and the expiration of the time limited for the commencement of actions against him by the creditors of the deceased, his heirs, next of kin, widow as next of kin, devisees and legatees shall be liable by action in the Common Pleas or Superior Court as pro-

vided in the following sections, for all debts which could not have been sued for, against the executor or administrator, and for which provision was not made, as hereinbefore provided."

Sec 10509-217, GC, is as follows:

"Such creditor, whose right of action first accrues after the expiration of the time of such limitation, and whose claim had not been presented to the court, or if presented, not allowed, as hereinbefore provided, may recover it against the heirs, widow as next of kin, and next of kin of the deceased, and the devisees and legatees under his will, each one of whom shall be liable to the creditor to an amount not exceeding the value of real or personal estate that he or she received under the will, or by the distribution of his estate. If, by the will of the deceased, any part of his estate, or one or more of the devisees, or legatees, be made exclusively liable for the debt, in exoneration of the residue of the estate, or of the other devisees or legatees, it must be complied with in that respect, and the persons and estate so exempt by the will, be liable for only so much of the debt as cannot be recovered from those first chargeable therewith."

Sec 10509-218, GC, is as follows:

"No such suit shall be maintained unless commenced within one year next after the time when the right of action first accrues, except that if the person entitled to bring it be under legal disability, he may bring such action within one year after his disability is removed."

It is urged on behalf of appellant that plaintiff's action under §§10509-216 and 10509-217 GC was barred by the provisions of §10509-218, GC, it being claimed that the right of action by the trustee first accrued more than one year preceding the filing of the action by the trustee in the Common Pleas Court; and such bar having been plead in the answer of Frederika Loew, it is contended that the judgment of the Common Pleas Court is contrary to law and that final judgment should be rendered by this court in her favor.

On behalf of appellee it is contended, first, that the cause of action first accrued in favor of the residuary legatees under the will of Rilla J. Hilker, deceased, on March 5, 1935, being the date of the death of Kyle J. Dennison, who, by the provisions of Mrs. Hilker's will, was entitled to the income from the trust estate as long as

he lived, that the trust estate in the residuary legatees did not vest under the terms of the will until the death of Kyle J. Dennison, and that, therefore, tne action was commenced within one year next after the time when the right of action first accrued, it being the claim of appellee that the real parties in interest were these residuary legatees and that the action brought by the trustee was in fact an action brought for the benefit of the beneficiaries of the trust.

Second, it is contended on behalf of appellee that in the event the cause of action could ·ve accrued in favor of the beneficiaries of the trust prior to March 5, 1935, the limitation of §10509-218, GC, would not bar a recovery by reason of the minority of several of the beneficiaries of the trust.

The pertinent provisions of the last will and testament of Rilla J. Hilker are as follows:

"FOURTH: The remainder of my estate is to remain in the hands of my executor hereinafter named, during the life of my brother Kyle J. Dennison, the income therefrom to be paid to my said brother Kyle J. as long as he shall live.

"FIFTH: Upon the death of my said brother Kyle J. Dennison, I give and devise as follows:

"To my nephew, Dwight K. Shehy, Five Hundred Dollars ($500.00).

"To Frederick Hilker (nephew of my last husband Charles A. Hilker) of Atwater, Ohio, Five Hundred Dollars ($500.00).

"I authorize and direct that my executor pay to the Glenwood Children's Home of Mahoning County, Ohio, and to the Home for Aged Women of Youngstown, Ohio, each One Hundred Dollars, ($100.00).

"The remainder of my nephew's and nieces, viz: Charles B. Shehy, Dwight K. Shehy, John C. Shehy, Myron Dennison, Elmer Dennison, Arthur J. Dennison, Julia H. Shehy Pufahl and Mary Stange, to be equally divided among them."

Mary Stange, one of the residuary legatees, died August 8, 1927, leaving two minor children.

Mary Dennison, another of the residuary legatees died October 11, 1929, leaving two minor children.

Three of the minor children were still minors at the time this action was instituted.

The depository bond giving rise to the action by its terms, is to secure Bruce Rogers, trustee, as to deposits made by him "as trustee" without designating for

whom he is trustee or under what trust he was acting, but it is not disputed that the funds came into the hands of Bruce Rogers as trustee under the will of Rilla J. Hilker, deceased, and were the funds remaining in his hands as executor and payed over to himself as trustee at the time his final account as executor of Mrs. Hilker's estate was filed and approved, and the administration closed. Unquestionably, we think, under the provisions of §11244, GC, Bruce Rogers, trustee of the estate of Rilla J Hilker, deceased, was authorized to bring suit on the depository bond in his name as such trustee because the obligation of the contract is in favor of the trustee. It is not claimed that Bruce Rogers was under any disability to commence action on the bond while the estate of John Loew was in process of administration, at least at the expiration of thirty days after demand for payment and notice was given by him on October 23, 1931. In other words, Bruce Rogers was not under any disability which prevented him from filing claim under the bond and bringing suit thereon at any time after November 22, 1931, and before May 27, 1932, upon which latter date the administration of John Loew's estate was closed and his executrix discharged.

It is clear that the only right of action against Frederika Loew upon the bond in question arises because of the provisions of §§10509-216 and 10509-217, GC, and before such action against her may be maintained under these Code provisions it must appear that the debt of John Loew under the bond could not have been sued for against his executrix.

Since §11244, GC, expressly authorizes the trustee to bring an action on the bond in his own name as trustee, it seems clear that the debt for which John Loew was liable under the bond could have been sued for against his executrix while his estate was yet in process of administration, and the question then arises, if the trustee dia not commence the action which ˙he is specifically authorized to bring does his failure to bring such action bind the beneficiaries of the trust and bring into operation, as against these beneficiaries including such as were under disability, the bar of §10509-218 GC?

Much effort has been expended by counsel on both sides to a consideration of the question whether the estate bequeathed to the residuary legatees vested at the death of Mrs. Hilker, the testatrix, or vested at

the death of Kyle Dennison, to whom was to be paid the income from the residuary estate so long as he shall live.

As we view the provisions of the will in the light of the law applicable thereto, we are of the opinion that the estate vested in the residuary legatees at the death of the testatrix.

The law favors the vesting of estates devised by will, and unless apparent from the will that the testator's intention is otherwise, estates devised will vest at testator's death.

The rule that where there is a direction to pay, or divide and pay, at a future time, or on a given event, the vesting is immediate if the payment or division is postponed to let in a prior estate, is applied in all cases where there is a gift either in express terms or where an inference of a gift arises from the direction to pay or distribute to specific individuals; but the rule is not applied where the direction of the executor is to distribute to persons whose identity is not to be determined until the time fixed for distribution, such as where the direction to the executor is to distribute to the "legal heirs" after the termination of the life estate, or according to the statutes of distribution, or where there is some contingency or event upon the happening of which the ascertainment of the distributees is to be determined.

Keeping these simple rules in mind, there is no inconsistency seen in the cases cited to us and others which we have examined, to-wit:

**Hamilton v Rodgers, 38 Oh St 242;**

**Richey v Johnson, 30 Oh St 288;**

**Linten v Laycock, 38 Oh St 128;**

**Kecheley v Kecheley, 38 Oh Ap 61, 175 NE 237;**

**Webb v Biles, 27 Oh Ap 197, 161 NE 218;**

**Barr v Denney, 79 Oh St 358, 87 NE 267.**

The will of Mrs. Hilker bequeathed to specific individuals the residue of her estate, only the enjoyment thereof being deferred during the life of her brother Kyle J. Dennison. There is nothing in the will which makes the vesting of the residuary estate dependent upon any of the residuary legatees surviving the brother, Kyle, or upon any other contingency. It is clear, we think, that there is nothing in the will, viewing it from its four corners, which evinces an intention upon the part of the testatrix to postpone the vesting of the estate in each of the specifically named legatees until the death of her brother, Kyle. Under this

will there is no contingency or event the happening of which is necessary to a determination of the persons for whom the bequests are intended. Even though one or more of the specifically named residuary legatees should die before the brother, Kyle, §10581 GC, as that section read at the date of the death of the testatrix, specifically provided that the estate bequeathed to such deceased legatee would pass to his or her issue surviving the testatrix, and if no such issue, then to the other specifically named residuary legatees surviving the testatrix. All of the specifically named legatees survived the testatrix.

We think it cannot be doubted that if Kyle J. Dennison, the brother of testatrix, had preceded her in death and all the residuary legatees had survived the testatrix the bequests to the specifically named legatees would have vested in each at the death of Mrs. Hilker and if any of such residuary legatees had thereafter died before distribution by the executor, the share of such deceased distributee would then be required to be paid to the administrator or executor of such deceased legatee.

See **McGuffey v Brooke, 2 Cincinnati Superior Court Reports, 231.**

We conclude that the estate bequeatehd to the specifically named residuary legatees in the will of Mrs. Hilker vested immediately upon her death.

It follows, that upon the death thereafter of two of the specifically named legatees, to-wit, Mary Stange and Mary Dennison, each of whom died following the death of the testatrix, the share devised to each passed to the personal representative of each such deceased legatee, and the minor children of such deceased residuary legatees are not such beneficiaries of the trust funds secured by the bond signed by John Loew that they, or any of them, would be authorized to bring an action on the bond.

But if it be conceded that we are wrong in our construction of the will of Mrs. Hilker and that we should hold that the residuary legacies did not vest until March 5, 1935, the date of the death of Kyle J. Dennison, and that upon such date the residuary legacies vested and that therefore three of the persons for whose benefit the bond sued upon was taken were minors at the time the estate vested in them, still it does not follow that the limitation contained in §10509-218, GC, is not effective as a bar to the present action. It is true

that this section provides that ██ if the person entitled to bring the action provided for in §§10509-216, and 10509-217, GC, is under legal disability, he may bring such action within one year after his disability is removed. In the first place, we do not here have any action brought under the saving clause of §10509-218, GC. The action is by the trustee of an express trust who was qualified to bring the action before the administration of the estate of John Loew had been closed. Indeed, the claim could have been sued for while John Loew was yet alive, for he was living at the time the Ohio Savings & Loan Company was placed in the hands of a receiver for liquidation and lived for nine months thereafter; yet no demand for the payment of the money secured by the bond was made until nine months after Mr. Loew's death, and although his estate was in process of liquidation for sixteen months after the appointment of his executrix, the trustee still failed to present the claim either to the executrix or to the court.

In **Roth et v Hummel, Executor, 1 Oh Ap 361**, it is held in the syllabus.

"The provision in §10878, **GC** (§6218, Revised Statutes), requiring suit to be commenced against the heirs, widow and next of kin of a decedent within one year after the time when the right of action shall first accrue, is not merely a statute of limitation relating to the remedy, but is a necessary qualification of the right to maintain such an action."

Former §10878, **GC**, is now §10509-218 GC. It will be noted that §10509-216, GC, gives the right of action "for all debts which could not have been sued for, against the executor or administrator, * * *." Clearly we think, the debt could have been sued for by the trustee against the executrix of the estate of John Loew.

Sec **10509-217, GC**, limits the right of action to "such creditor, whose right of action first accrues after the expiration of the time of such limitation." The right of action on the bond first accrued before the limitation of time in which suit could have been brought against the executor.

Sec **10509-218, GC**, provides that "no such suit shall be maintained unless commenced within one year next after the time when the right of action first accrues." The right of action first accrued not later than November 22, 1931, being thirty days after written demand for payment of the deposit was made by the trustee and payment refused. The action was begun more than one year after the action first accrued.

It is, however, claimed by counsel for appellee that the accrual of the right of action in favor of the trustee is not operative to bar an action by the beneficiaries because the action did not accrue as to them until the estate vested and we are cited to the case of **Ward v Ward, 12 O.C. D., 59** where it is held in par. 11 of the syllabus as follows:

"The rule that where the trustee is bound by the statute of limitations, the cestui que trust is also bound, is not applicable in cases where, if there were no trustee intervening, the statute would not operate against the cestui que trust, as, for instance, where the cestui que trust is a minor, or otherwise disabled from suing on his own account, or where the claim is not due so as to give him a right of action on his own account, or where the right of the cestui que trust is that of remainderman, and the life estate has not ended."

We are not bound by the decision of the court in Ward v Ward, supra, and after due consideration thereof we are constrained to hold that the rule laid down in the quoted syllabus is not in accordance with the great weight of authority, unless it be held that the facts upon which the syllabus of that case is founded are distinguished from the facts in the case at bar, as it is our conclusion that the general rule is that whenever the right of action in a trustee who is vested ██ ed with the legal estate and is competent to sue is barred by limitation, the right of the cestui que trust is also barred and that this rule applies whether the cestui que trust is sui juris, or under disabiilty during the period of limitation, except where this application of the rule is abrogated by statute.

See: 37 C. J. 719, par. 35;

4 Bogert on Trusts and Trustees, 2772, §954;

2 Restatement of the Law of Trusts, 975, par. 327 C;

**Veazie v McGugin, 40 Oh St 365.**

From the last cited case, at p. 375 of the opinion we quote:

"But both principle and authority clearly establish the doctrine that where the legal estate is in a trustee competent to protect it. adverse possession will become a bar against him under the same circumstances

# 454

that would bar one seized in fee in his own right, and that when an action by such a trustee is barred his beneficiary is also barred."

Upon any theory of the case, it is our conclusion that the judgment of the Common Pleas Court is contrary to law and that the defendant in that court was entitled to judgment as a matter of law.

If thus appearing that substantial justice has not been done the defendant in the lower court, it follows that the judgment of that court must be reversed; and this court coming now to render the judgment which should have been rendered therein now renders final judgment in favor of the appellant.

Judgment reversed and final judgment for the appellant.

CARTER and BENNETT, JJ, concur in the judgment.