# Smith's Estate.

*Wills—Construction—Vested and contingent interests—Legacies.*

1. Where a legacy is given to a person to be paid at a future time it vests immediately; but when it is not given until a certain future time it does not vest until that time, and if the legatee dies before, it is lost.

2. If the question whether a legacy is vested or contingent seems doubtful, the doubt must be resolved in favor of a vested estate.

3. Where a testator separates a portion of his estate and gives it to a trustee to "allow the same to accumulate until the oldest child of my son, living at the time of my death shall become twenty-one years of age, when said accumulated income shall be divided into as many shares as there are children of my said son living at the time of my death," and then directs that each of such children shall receive a share when he becomes twenty-one years of age and there is no limitation over, the share of a minor child of the son dying after the death of the testator, either before or after the oldest child becomes twenty-one years of age became vested as of the date of the death of the testator. The date of payment only was postponed.

4. When there is a bequest of an aggregate fund to children as a class and the share of each child is made payable on attaining a given age, or marriage, the time of distribution is the time when the first child becomes entitled to receive his share.

Argued Oct. 19, 1909. Appeal, No. 18, Oct. T., 1909, by Edward A. Smith and Henrietta C. Smith, his wife, from decree of O. C. Allegheny Co., May T., 1908, No. 152, dismissing exceptions to adjudication in Estate of Edward A. Smith. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Exceptions to adjudication.

The material portion of the testator's will was as follows:

"Fourth. I give and bequeath to Hugh D. Smith, my son, and David M. Smith, my brother, and the survivor of them a like one-sixteenth (1–16) interest in the firm of Smith Brothers and Company, its real estate, assets, business and working capital, and a one-sixth interest in my residuary estate as hereinafter provided, in trust, however, that they or he shall pay the profits and dividends thereon from time to time as

they shall be declared and divided by said firm, and the income from the one-sixth interest in my residuary estate to my son Edward A. Smith during his natural lifetime: provided said profits and dividends from said firm and income from the one-sixth interest in my residuary estate do not exceed three thousand dollars ($3,000.00) per annum.

"And I further direct said Trustees or Trustee to invest any and all income and dividends arising from said interest in said firm and from said one-sixth interest in my residuary estate, after the payment of said three thousand dollars ($3,000.00) per annum to my son Edward during his natural life as hereinbefore provided, and all the dividends and profits arising from said interest and accumulations after the death of my said son Edward and allow the same to accumulate until the oldest child of my said son Edward, living at the time of my death, shall become twenty-one years of age when said accumulated income shall be divided into as many shares as there are children of my said son Edward living at the time of my death (the children of any deceased child of Edward to represent their parent and be counted as representing one share), of these shares those of my said son Edward's children who are twenty-one years of age are to receive one share each of said accumulations of income and thereafter receive a similar proportion of the surplus income above three thousand dollars ($3,000.00); the shares of those who are minors at the time of my death to continue to accumulate until they respectively become twenty-one years old when they are to receive the same with a corresponding share of the surplus income thereafter, and in the event of the death of my son Edward either before or after my death all the income from said interest in said firm, and the income from the one-sixth interest in my residuary estate shall be divided share and share alike among his children him surviving (the issue of deceased children taking their parents' share) until the youngest of said son Edward's children become twenty-one years of age when said interest in said firm shall be sold and the proceeds and the one-sixth interest in the residuary estate shall be divided among said children of my son Edward share and share alike. My

intention being that this portion of my estate shall go only to the children of Edward A. Smith, or their children. If he, said Edward, should die leaving no child surviving him, nor the issue of any deceased child surviving him then this portion of my estate shall go to my remaining children, or their legal representatives. Provided, that said Edward shall not have the power to sell, assign, pledge, transfer or anticipate any portion of said income or dividend, and that the same shall not be liable to attachment or seizure for his debts, or in any way liable therefor. And I further authorize and empower said Trustees or Trustee at any time in their or his discretion to sell said interest in Smith Brothers and Company, herein devised to them and reinvest the proceeds of said sale in real property or personal securities to be held as to the principal, income and accumulations thereon upon the same trusts as specified herein in respect to said interest in said firm and the profits and accumulations arising therefrom and the increase from said one-sixth (1–6) interest in my residuary estate."

From the record it appeared that the testator, Andrew D. Smith, died on October 21, 1908. One of the daughters of Edward A. Smith, Miriam C. Smith, died a minor on November 19, 1903, subsequent to the time when the oldest child became twenty-one years of age. She died intestate, unmarried and without issue, leaving to survive her her father, mother and four brothers.

The auditing judge, OVER, J., held that the legacy to Miriam was contingent and refused to allow the claim of her father and mother to share in the distribution as her next of kin.

Exceptions to the adjudication were overruled.

*Error assigned* was in overruling exceptions to adjudication.

*Ernest C. Irwin*, with him *A. E. Sloan*, for appellants.—It was the testator's intention that a vested interest pass at once upon his death to the children of Edward A. Smith: Little's App., 81 Pa. 190; Moore v. Smith, 9 Watts, 403; Gilliland v. Bredin, 63 Pa. 393; Reed v. Buckley, 5 W. & S. 517; Little's App., 117 Pa. 14; Bowman's App., 34 Pa. 19.

The legacy in this case is a class legacy. The members of the class are fixed by the date of the testator's death, and at that time their interest became vested, or at the very latest, at the time the eldest child became twenty-one: Buckley v. Reed, 15 Pa. 83; Reed v. Buckley, 5 W. & S. 517; Emerson v. Cutler, 31 Mass. 108; Doubleday v. Newton, 27 Barb. (N. Y.) 431; Heisse v. Markland, 2 Rawle, 274; Andrews v. Partington, 3 Brown's Chan. Reps. 401; Godfrey v. Davis, 6 Ves. Jr. 43; Whitbread v. St. John, 10 Ves. Jr. 152.

*John G. Frazer*, of *Reed, Smith, Shaw & Beal*, for appellee.

OPINION BY MR. JUSTICE POTTER, January 3, 1910:

The question in controversy in this case, is whether the gifts of accumulated income made by the will of Andrew D. Smith to the children of Edward A. Smith, were vested in the children living at the death of testator, or were contingent upon their severally attaining the age of twenty-one years. As Chief Justice TILGHMAN said in Patterson v. Hawthorne, 12 S. & R. 112: "The rule is that where a legacy is given to a person to be paid at a future time, it vests immediately. But when it is not given until a certain future time, it does not vest until that time; and if the legatee dies before, it is lost. This is the rule, but in the application of it there is great nicety, and the adjudged cases can hardly be reconciled." In that case, the testator directed his real estate to be sold by his executors and the proceeds put out at interest during the life of his wife, to whom the interest was to be paid, and he then provided: "At the decease of my wife I do allow the price of my land shall be equally divided among my two sons, . . . . and my daughters, . . . . or their heirs, in six equal parts." This language comes very close to that used in the case at bar. It was held that the children took vested interests and that the share of a daughter who died in the lifetime of the widow, was payable to her administrators. There is a distinction, however, in the fact that the fund which was the subject of the legacy in Patterson v. Hawthorne, was given to the widow beneficially for life. In the present case there is nothing given to

anyone except the legatees, but the surplus income is to be accumulated for their benefit.

If the question whether a legacy is vested or contingent seems doubtful, all the authorities agree that the doubt must be resolved in favor of a vested estate. The statement of the rule by Chief Justice Lowrie in Letchworth's App., 30 Pa. 175, has been frequently quoted with approval in later cases. It is (p. 179): "The law always and naturally inclines to attribute the real and substantial ownership of property to some existing person, even in the case of a trust, and never to leave any part of it in abeyance. In other words, it always inclines to treat the whole interest as vested, and not as contingent; and therefore, in case of doubt or mere probability, it declares the interest vested."

. In Blease v. Burgh, 2 Beav. 221, where (syllabus) "a testatrix gave her residuary estate to trustees to accumulate, and to stand possessed thereof, and of the accumulations in trust for all the children of J. B., other than A., and to be paid on attaining twenty-three, with a gift over in the event of the death of all of the said children under twenty-three," it was held that the legacies were vested. Also that (p. 226): "A gift in terms importing a present, vested interest with a postponed time of payment, is not made contingent by a direction to accumulate till the time of payment arrives."

In Smith on Executory Interests (4th Am. ed., 1845), 171, it is said: "If a bequest be made to children when they shall attain a certain age, and the testator appoints a person to be a trustee for them during the intermediate time, it is a sufficient indication of immediate vesting:" Citing Branstrom v. Wilkinson, 7 Ves. 421.

The statement of the rule by Chief Justice Gibson, in Moore v. Smith, 9 Watts, 403, has always been accepted; it is that (p. 408): "The legacy shall be deemed vested or contingent just as the time shall appear to have been annexed to the gift or the payment of it." But in that case, there was a mere naked direction to pay to the legatee "as soon as he arrives to be twenty-one years of age," and that was held to import a contingency. In the case at bar the testator, Andrew D. Smith,

placed in trust a portion of his estate, and directed the payment from the income thereof, of the sum of $3,000 annually to his son Edward A. Smith. He then made provision for the accumulation of the residue of the income, until the oldest child of his son Edward, living at the time of testator's death, became twenty-one years of age, when the fund was to be divided into as many shares as there were children of Edward, living at testator's death. Each child was to receive one of said shares at twenty-one, the shares of those who were minors at testator's death to continue to accumulate until they respectively became twenty-one years old. The auditing judge states that at the death of Andrew D. Smith, his son Edward A. Smith had five children living, the eldest of whom became of age in 1901, and all are now living except Miriam, who died in her minority, November 19, 1903, leaving to survive her, her father and mother, who claim that one-fifth of the income of the trust estate after payment to E. A. Smith of his annuity, vested in her and that it should be distributed to them under the intestate laws.

The auditing judge held that the gifts of the income to the children of Edward A. Smith did not vest at the death of the testator, but were contingent upon the respective beneficiaries attaining the age of twenty-one years, and that therefore the daughter Miriam, who died in her minority, took nothing under the will.

Our examination of the will leads us to a different opinion as to the intention expressed by the testator with regard to the time of the vesting of these legacies. It seems to us that he intended the gifts to take effect at his death. They were made to the children living at the time of his death. While the period of division was postponed until the oldest child of Edward living at the time of testator's death should become twenty-one years of age, yet the accumulated fund was then to be divided into as many shares as there were children of Edward living at the time of testator's death. The whole scheme of the gifts seems to relate to conditions as they existed at the time of testator's death. The number of children then living fixed the number of shares into which the fund was to be di-

vided; nothing remained but the period of division, which was to be when the eldest child became of age, and the date of payment, which was to be to each of those children as they severally reached the age of twenty-one. He refers to the share of those who were minors at the time of his death, and directs that such shares were to continue to accumulate until the minors respectively became twenty-one years old, when they were to receive the same. Unless the minors had a vested interest they could own no shares. The provision that the children of any deceased child of Edward were to represent their parent and be counted as representing one share, also indicates the intention of the testator that the legacy should be vested. If contingent, it would be lost upon the death of the minor, and there would be nothing to represent. It will be noticed, also, that there is no limitation over. The decision in Reed v. Buckley, 5 W. & S. 517, seems to be decisive of the point now under examination. It was there expressly held that, where a testator directed his estate to be converted into money and the net proceeds equally divided among his children and paid to them at the time of their severally arriving at the age of twenty-one years, the legacies to the children vested at the death of the testator.

Then again, the subject of the gift in this case was separated from the rest of the estate, and was vested in trustees for the benefit of the legatees, and in such case the gift, although in form contingent, will be held vested: Branstrom v. Wilkinson, 7 Ves. 421.

There is another aspect of this case, from which it would appear that in any event the share of Miriam Smith vested in her when the oldest child reached the age of twenty-one years. That occurred in 1901, after testator's death in 1898, and before the death of Miriam in 1903.

It was manifestly the intention of the testator that the amount of the interests of his grandchildren, the children of Edward A. Smith, in the income directed to be accumulated, should become fixed and determined when the oldest child was twenty-one. He directs the trustees to "allow the same to accumulate until the oldest child of my son, Edward, living at

the time of my death shall become twenty-one years of age, when said accumulated income shall be divided into as many shares as there are children of my said son Edward, living at the time of my death." After directing that one share shall be received by each child who is twenty-one years old, he continues: "The shares of those who are minors at the time of my death to continue to accumulate until they respectively become twenty-one years when they are to receive the same."

In Hawkins on Wills (2d Am. ed., 1885), 75, it is said: "When there is a bequest of an aggregate fund to children as a class, and the share of each child is made payable on attaining a given age, or marriage, the period of distribution is the time when the first child becomes entitled to receive his share." And on p. 76: "The rule applies equally, whether the vesting or the payment only be postponed to the given age." The authorities seem to agree that where a fund is given to children as a class, and the share of each is made payable on attaining a given age, the period of distribution, and hence of vesting in all of the children, is the time when the first child becomes entitled to recive his share: 30 Am. & Eng. Ency. of Law, 723.

In the case at bar, the accumulated income was directed to be divided into shares, when the eldest child should come of age, and his share paid to each child as it came of age. Were there nothing else in the case, it would seem to follow, under the authorities, that the interests of all the children became vested at the time thus fixed for division, which was in the lifetime of Miriam Smith, the daughter of appellants. But aside from this, as already indicated, our study of the fourth paragraph of the testator's will has led us to the conclusion that immediately upon the death of the testator, the share of each living child of his son Edward became vested. The date of payment only was postponed.

The decree of the orphans' court is reversed, and the record is remitted for further proceedings.