William H. Stoudt, Surviving Spouse of Eva E. Stoudt, Decedent, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Eva Stoudt, Deceased, by County of Berks, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued June 8, 1983, before Judges BLATT, DOYLE, and BARBIERI, sitting as a panel of three.

*Lee E. High,* for petitioner, William H. Stoudt.

*Alfred W. Crump, Jr.,* Assistant County Solicitor, for petitioner, County of Berks.

*Bruce G. Baron,* Assistant Counsel, for respondent.

OPINION BY JUDGE BLATT, August 26, 1983:

William H. Stoudt (appellant) appeals an order of the Department of Public Welfare (Department) that his deceased wife, Eva E. Stoudt, was ineligible for medical assistance payments due to her status as the beneficiary of a testamentary trust created by her father. 3011 C.D. 1980. This appeal has been consolidated for argument with an appeal brought by the County of Berks (County) in order to protect its sources of payment for the care it rendered to the said Eva E. Stoudt by a County-operated facility known as the Berks Heim Nursing Home (Home). 3023 C.D. 1980.

### 3011 C.D. 1980

Eva E. Stoudt had been a medical assistance recipient at the Home beginning June 1, 1978. When the Home learned that she had become the beneficiary of a testamentary trust, it informed the County of her change in circumstances, and, after a hearing, the Department of Public Welfare determined that she was no longer eligible for medical assistance because the corpus of the trust was an available resource. *See* 55 Pa. Code §§177.81, 177.83(b)(2). Although she died on October 27, 1980, her husband survives her, and he is the appellant herein.

The Appellant contends that his late wife, as the beneficiary under the testamentary trust, had no incidents of ownership in either the corpus or the income of the trust. He also contends that the trustee did not abuse the discretion placed in him by the testator in not making available to the beneficiary portions of the principal of the trust.

An examination of the will which created the trust is in order, and, paragraph four thereof provides that:

[t]he rest, residue and remainder of the decedent's estate be devised unto his nephew,

George R. Peters, as Trustee, In Trust, "for the following uses and purposes: To invest and reinvest the same, to accumulate the income, and to pay *so much of the income* and principal of said trust as he in his sole discretion deems *necessary for the maintenance and support* of my daughter, *Eva E. Stoudt,* for and during her natural life.

Upon the death of my said daughter, Eva E. Stoudt said trust shall terminate and the balance of the principal of said trust and accumulated income, *if any*, shall be paid by my said trustee in (2) equal shares, as follows:

(A) ... to my grandson ...

(B) ... to my granddaughter ... (Emphasis added.)

The Department argues that, inasmuch as the beneficiary of the trust had the power to compel the trustee to disburse trust assets in accordance with the terms of the trust, *see Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979), she had an "available resource." Furthermore, inasmuch as the trustee has an obligation to administer the trust solely in the interest of the beneficiary, *Bolton v. Stillwagon*, 410 Pa. 618, 190 A.2d 105 (1963), the Department also argues that the trustee has an obligation to carry out the purpose of the trust and to provide for her support, rather than saving it all for the remaindermen and forcing her to resort to public welfare.

We are, of course, mindful that the purpose of the medical assistance program is to furnish care to those whose resources are insufficient to meet the costs of necessary care. 42 U.S.C. §1396. We cannot, therefore, accept the petitioner's argument that:

the purpose of the trust was to provide for Eva E. Stoudt's support and maintenance, which, apparently, the Trustee felt, *with the availabili-*

*ty of income and medical assistance*, that such support and maintenance was provided for adequately. (Emphasis added.)

We believe that the trustee was required to administer the trust solely in the interest of the beneficiary, *Bolton*, and that the beneficiary could have compelled him to do so. *Thompson Coal Co.* We further believe, therefore, that the Department held correctly that the trust beneficiary here was consequently *not* eligible for medical assistance.

## 3023 C.D. 1980

The County of Berks has appealed the Department's order in an attempt to protect all of its rights to reimbursement for the care provided this trust beneficiary, and has indicated that it will also file a claim against the estate of George R. Peters (the beneficiary's father who established the trust) in the Orphans' Court.

The Department has filed a motion to quash the County's Appeal inasmuch as the County was not a party below and, therefore, allegedly has no standing to appeal here. We agree.

We will, therefore, affirm the Department's Order and quash the County's Appeal.

### ORDER IN 3011 C.D. 1980

AND, Now, this 26th day of August, 1983, the order of the Department of Public Welfare in the above-captioned matter is hereby affirmed.

### ORDER IN 3023 C.D. 1980

AND, Now, this 26th day of August, 1983, the respondent's motion to quash the appeal in the above-captioned case is hereby granted, and the appeal is hereby quashed.