509 A.2d 1351

In Re: Estate of Charlotte Dorrance Wright, Deceased. Herbert S. Riband, Jr., and Samuel M. V. Hamilton, Executors of the Estate of the Decedent, Appellants.

Argued April 7, 1986, before Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Maurice D. Lee, III,* with him, *Herbert S. Riband, Jr.,* Of Counsel: *Saul, Ewing, Remick and Saul,* for appellants.

*Vincent J. Dopko*, Deputy Attorney General, with him, *LeRoy S. Zimmerman*, Attorney General, for appellee.

OPINION BY JUDGE MACPHAIL, May 21, 1986:

Appellants, the executors of the estate of Charlotte Dorrance Wright, deceased (testatrix) appeal an order of the Court of Common Pleas of Delaware County, Orphans' Court Division, dismissing Appellants' exceptions to an adjudication and decree nisi and entering the decree as a final decree.[1] We affirm.

Testatrix died testate on October 4, 1977. The pertinent provisions of her will involved in this appeal disposed of her property as follows:

THIRTEENTH. I give, devise and bequeath all the rest, residue and remainder of my estate, of whatsoever kind and wheresoever situate, in equal shares, absolutely, to such of my great nieces and great nephews living at the time of my death who are descendants of my sisters. I have made no provision for my brother, John T. Dorrance, Jr., or his descendants, not because of any lack of affection, but because my said brother and his descendants are or will be amply provided for.

FOURTEENTH. Any share of principal or income of my estate which becomes distributable to a beneficiary who is a minor or a disabled

---

[1] The courts of common pleas have jurisdiction over appeals from determinations of the Department of Revenue under Section 933(a)(1)(vi) of the Judicial Code, *as amended,* 42 Pa. C. S. §933(a)(1)(vi). Under Section 762(a)(3) of the Judicial Code, *as amended,* 42 Pa. C. S. §762(a)(3), the Commonwealth Court has exclusive jurisdiction over all appeals from Commonwealth agencies which may be taken initially to the courts of common pleas under Section 933.

person, shall be held in trust by my Trustees during the minority or disability of the beneficiary. The Trustees shall apply such amounts of income and principal as they, in their sole discretion, deem proper for the support, health, education and welfare of such beneficiary and shall accumulate any unexpended balance of income. Such amounts may be applied directly or may be paid to the guardian of the beneficiary, or to the parent or other person with whom such beneficiary resides or who has the care or control of such beneficiary, without the intervention of a guardian. The Trustees shall not be obliged to supervise or inquire into the application of such amounts by such person, and the receipt of such person shall be a complete release of the Trustees.

FIFTEENTH. All principal and income shall, until actual distribution to the beneficiary, be free of the debts, contracts, alienations and anticipations of any beneficiary, and shall not be liable to any levy, attachment, execution or sequestration while in the hands of my Executors or Trustees.

At the time of testatrix's death, there were eighteen (18) eligible beneficiaries, thirteen (13) of whom were minors.

The Executors determined that the minor beneficiaries' interest constituted a future interest pursuant to Section 712 of the Inheritance and Estate Tax Act of 1961 (Act of 1961).[2] Accordingly, the Executors filed a

---

[2] Act of June 15, 1961, P.L. 373, *as amended, formerly* 72 P.S. §2485-712, repealed by the Inheritance and Estate Tax Act (Act of 1982), Act of December 13, 1982, P.L. 1086, 72 Pa. C. S. §§1701-1796. The Act of 1982 does not apply to the matter herein because the Act of 1982 did not take effect until December 13, 1982.

Pennsylvania Inheritance Tax Return and Statement of Debts and Deductions on July 3, 1978, computing the tax due on the minor beneficiaries' interest to be the value of a term for years (representing the number of years until each minor attained majority) multiplied by the appropriate rate. The Executors did not pay the tax on the future interests of the minor beneficiaries on the basis that the future interests were not vested in possession and enjoyment.

The Commonwealth filed a "Notice of Appraisement" on August 14, 1978, appraising the real estate and personalty at $2,460,000.00 and $27,262,610.62 respectively, for a total value for the estate of $29,747,-610.62. No protests were filed to this appraisement.

The Commonwealth filed a second appraisement on December 15, 1978, notifying the Executors that the "life estate" appraisement in Ms. Wright's estate reflected a valuation of the "life estate residue" of $19,116,161-.94, to be taxed at the 15% rate. *See* Section 404 of the Act of 1961, 72 P.S. §2485-404. Neither the August 14, 1978 appraisement nor the December 15, 1978 appraisement constituted a "bill" representing the amount of tax due.

A "Life Estate Appraisement, Recapitulation and Bill" (Bill) dated December 19, 1978 was sent to the Executors by the Register of Wills of Delaware County. This Bill provided, in pertinent part:

| | |
|---|---|
| Real Estate | $ 2,460,000.00 |
| Personal Property | $27,262,610.62 |
| Transfers | $ 25,000.00 |
| Total Gross Estate | $29,747,610.62 |
| Less Debts and Deductions | $ 4,899,280.01 |
| Clear Value of Estate | $24,848,330.61 |
| Less Bequest to Charitable Deductions | $ 4,500,900.00 |

Net Estate Subject to Tax          $20,347,430.61

. . . .

(Executors elect to prepay on Remainder)

. . . .

RESIDUE $19,116,161.94 at
    15%                          $ 2,867,424.29

On January 4, 1979, the Executors elected to prepay the tax due on the future interests of the minor beneficiaries. On February 14, 1978, they filed a protest to the December 15, 1978 appraisement and the December 19, 1978 Bill. The Executors thereafter filed a Supplemental Inheritance Tax Return (Supplemental Return) on April 4, 1979, calculating the tax due on the future interests to be $536,330.95. This Supplemental Return showed a gross estate value of $8,153,110.00, a taxable estate of $6,510,310.00 and a deduction in the amount of $1,808,419.44 (representing the tax paid on behalf of the 5 beneficiaries under the THIRTEENTH clause of the will who were not minors).

Meanwhile, a third appraisement was filed on May 30, 1979, notifying the Executors that the "remainder" appraisement reflected a total value of $8,153,110.00, apparently adopting the Executors' valuations set forth in the Supplemental Return.

On November 27, 1979, the Department of Revenue, Board of Appeals (Board)[3] denied the Executor's protest, rejecting the premise that the minor beneficiaries' interest will not vest in possession and enjoyment until the minors reach the age of majority. The Board reasoned that:

> [T]here is an actual present taking of the bequest by the minor nieces and nephews in a rep-

---

[3] Section 1001 of the Act of 1961, 72 P.S. §2485-1001 authorizes any party in interest not satisfied with the appraisement to file within sixty (60) days after receipt of notice of the action complained of a protest with the Department of Revenue.

resentative manner through the device of a trustee. The argument that this interest is not vested in possession and enjoyment is one the Board need not reach for the provisions of §712 are inapplicable to this case.

Decision of the Board of Appeals, dated November 27, 1979, at 3. The Board held that the minors' interests were fully taxable as present interests pursuant to Section 201 of the Act of 1961, 72 P.S. §2485-201.

The Executors thereupon filed an appeal to the Orphans' Court of Delaware County. Following argument, that court denied the Executors' appeal by decision dated November 26, 1980. The Orphans' Court held that the FOURTEENTH clause of testatrix's will gives the beneficiaries a present interest in the trust, even though management of their interest is in trustees. That court also held that the third appraisement dated May 30, 1979 was null and void, reasoning that the third appraisement was a mistake: "The mistake was created due to the fact that there was [sic] substantial arrearages due on the prior outstanding inheritance tax assessment made by the December 15, 1978 appriasement [sic], and a payment was being made by the taxpayer which was considered as a payment on account of the balance due." Opinion of Orphans' Court, dated November 26, 1980 at 7.

Exceptions were filed to the Orphans' Court order. On November 30, 1984, the Orphans' Court Division of the Court of Common Pleas of Delaware County, sitting en banc, dismissed the exceptions, holding:

[A] successive 'future interest' as defined by Section 712 [of the Act of 1961] . . . must inure to the benefit of a different person during the period that use or possession or enjoyment is postponed. . . . While we do agree that a trust is a separate legal entity from the beneficiaries

thereof, the right to have income applied during their minority (or if not so applied, to have such income accumulated) accrues to the same beneficiaries who are the ultimate takers.

En Banc Opinion of Orphans' Court, dated November 30, 1984 at 4. The en banc court also held the third appraisement to be a mistake and therefore a nullity.

On appeal to this Court, Executors raise the identical issues raised before the Board and the Orphans' Court, namely (1) whether a testamentary trust providing that minor beneficiaries' interests be held in trust until that beneficiary attains the age of majority creates a future interest, entitling the Executors to postpone the payment of inheritance tax, and (2) whether the third appraisement, not appealed from, is valid.

We shall first address the issue of whether future interests were created. Section 712 of the Act of 1961 provides:

In the case of a transfer of any estate, income, or interest, to take effect in possession and enjoyment after the expiration of any one or more interests for a term of years, for life, or for other limited period, the tax on such future interest shall be payable within three (3) months after the transfer takes effect in possession and enjoyment, and shall be delinquent thereafter.

72 P.S. §2485-712. The Executors argue that a future interest is created because (1) there is clearly a transfer of property; (2) the minor beneficiaries do not have possession of and legal title to this property; (3) the minor beneficiaries have no "present absolute beneficial enjoyment" of this property; and (4) since possession and enjoyment will inure to the beneficiary only upon attaining 18 years of age, such possession and enjoyment will only arise upon the expiration of "a term of years" or "other limited period"—that number of years

representing the amount of time until such minor beneficiary is 18 years old.

Our research has disclosed no cases directly on point, that is, identifying a testamentary trust for the benefit of minors until they attain the age of majority as either a present interest, as the Commonwealth contends, or as a future interest.

The testator in *In re Estate of Henry M. Bennett, deceased,* 52 Pittsburgh Legal J. 73 (O.C. Pa. 1904) devised real property to two named beneficiaries at the expiration of five years; the executors during said period to hold the realty in trust and apply the net income toward the payment of taxes, a mortgage, and the costs of repairs, changes and improvements contracted for by testator. The Commonwealth asserted that it was presently entitled to the tax upon the assessed value of the realty; the executors argued that because the remaindermen do not get actual possession of the property until the expiration of the trust in five years that the tax is not payable until that time. The applicable section of the transfer inheritance tax, Section 3 of the Act of May 6, 1887 (Act of 1887), P.L. 79, *as amended,* provided:

In all cases where there has been or shall be a devise, descent or bequest to collateral relatives or strangers, liable to the collateral inheritance tax, to take effect in possession, or come into actual enjoyment after the expiration of one or more life estates, or a period of years, the tax on such estates shall not be payable, nor interest begin to run thereon, until the person or persons liable for the same shall come into actual possession of such estate by the termination of the estates for life or years, and the tax shall be assessed upon the value of the estate at the time the right of possession accrues to the owner as aforesaid.

In holding that the foregoing section did not apply, the Orphans' Court of Allegheny County noted that "[t]here is no intervening estate between testator's death and the expiration of the trust; the two remaindermen have the present benefit of the property and have had since the death of the testator. . . ." 52 Pittsburgh Legal J. at 73. The court reasoned as follows:

> The trust period of five years is not the intervention of a term of years, during which time *some other person* receives the benefits of the property; nor is it an intervention of a life estate during which *some other life tenants* obtain the benefit of the property. It is only where the actual beneficial enjoyment is absolutely and unqualifiedly postponed until the end of a period of years, either a life estate or some other definite period, during which time the remaindermen get nothing but the naked property without its earnings, as it existed at the commencement of the period of the estate for life or for years that the provisions of the section referred to apply.

*Id.* at 74 (emphasis added).

Similarly, the testator in *Dalrymple's Estate*, 215 Pa. 367, 64 A. 554 (1906), directed that the residue of his estate be held in trust for a period of not less than ten nor more than twenty years, after such time to go to the descendants of testator's brothers. In holding that this interest did not come within the provision of Section 3 of the Act of 1887, the Court wrote:

> Nor were the descendants of testator's brothers to come into possession of their legacies after the expiration of a life estate or of a period of years. *The time of the payment of the legacies only was postponed, and the legatees will receive not only the principal of the legacies but also the interest*

*or income accruing thereon. No other person, under the provisions of the will, can receive any part of the principal or income of the sums bequeathed.* Hence no estate for life or years in these legacies intervened between the death of the testator and the time at which they are required to be paid by the trustees.

*Id.* at 373, 64 at 556 (emphasis added). *See also Smith's Estate,* 226 Pa. 304, 308, 75 A. 425, 426 (1910) (residuary estate held in trust for benefit of children until they attain the age of twenty-three constitutes a present, vested interest with postponed time of payment); *Estate of John C. Montgomery,* 32 Lancaster L. Rev. 17 (O.C. Pa. 1914) (provisions of Section 3 of the Act of 1887 do not apply to testamentary transfer of property held in trust for use of collaterals for life with remainder to collaterals).

The Executors' attempts to distinguish *Dalrymple's Estate* and *In re Estate of Henry M. Bennett, deceased* must fail. The Executors maintain that Section 712 of the Act of 1961 is broader in scope than the similar Section 3 of the Act of 1887: they argue that the phrase "devise, descent or bequest" as used in the Act of 1887 is more limiting than the phrase "transfer of any estate, income or interest" used in Section 712 of the Act of 1961, and implies a gratuitous transfer, whereas no such implication can be made under the Act of 1961. Assuming, *arguendo,* that such an implication can be derived from the Act of 1887 but not the Act of 1961, the fact is that neither of these inheritance tax acts taxed transfers because they were gratuitous. Rather, transfers were subject to the inheritance tax if they occurred by will or the intestate laws of the Commonwealth. *See* Section 201 of the Act of 1961, 72 P.S. §2485-201.

The Executors stress that the term "future interest" was not used in the Act of 1887 and that therefore there

was no authority for the Orphans' Court conclusion herein that present and future interests must lie in different persons. The Executors cite to several federal cases interpreting future interests under the Internal Revenue Code. As the Commonwealth correctly points out, however, state standards do no apply in determining whether an interest is future or present for purposes of the Internal Revenue Code and federal gift tax cases—that determination is made using a uniform national standard. *United States v. Pelzer,* 312 U.S. 399 (1941). Other cases cited by the Executors for the proposition that the present and future interests may lie in the same beneficiary are clearly distinguishable on the basis that the named life tenant differed from the named remainderman. *Cf. Thompson Estate,* 86 Pa. D. & C. 584 (1953).

The Executors emphasize that the phrase "for other limited period" in Section 712 of the Act of 1961 applies to the "limited period" involved in the instant case, the number of years until each minor beneficiary is 18 years old. We disagree. *See* Sections 502, 503 and 504 of the Act of 1961, 72 P.S. §§2485-502, 2485-503, 2485-504; *see also* Section 802 of the Acts of 1961, 72 P.S. §2485-802. We are persuaded that the term "other limited period" refers to an interest in realty identified by a lease and was not intended to incorporate the testamentary trust provisions at issue in the instant case.

The Executors argue, nevertheless, that the distribution of any income or principal from the trust rests solely in the absolute discretion of the trustees, and that the minor beneficiaries have "no present absolute right to anything." Appellants' Brief at 23. We disagree. As we noted in *Stoudt v. Department of Public Welfare,* 76 Pa. Commonwealth Ct. 576, 464 A.2d 665 (1983), a beneficiary of a testamentary trust can compel the trustee to disburse the trust assets in accordance with

the terms of the trust. In the instant case, that would mean that the minor beneficiaries could compel the trustees to disburse such amounts of principal and income "for the support, health, education and welfare of such beneficiary". FOURTEENTH clause of the will. The fact that the trustees, pursuant to the FOURTEENTH clause of the will, are not obliged to inquire as to the necessity or reason for disbursement supports the Commonwealth's position that the beneficiaries herein have a present interest in the trust assets.

It is apparent, therefore, that if the beneficiaries of the trust are the same beneficiaries who will take at the termination of the trust, a present interest is created. In the case *sub judice*, the beneficiaries will reap the benefits of the trust until they reach the age of majority, after which they will receive their inheritance directly.

Accordingly, we conclude that the interests created for the minor beneficiaries are present interests and that the provisions of Section 712 of the Act of 1961 do not apply to postpone the time of paying the tax.

We shall now turn to the issue of the effect, if any, of the third appraisement. It is undisputed that although no protests were filed to the August 14, 1978 appraisement, the Executors protested the second appraisement dated December 15, 1978.

Although the Act of 1961 contemplates supplemental appraisements and assessments, *see* Sections 709 and 710 of the Act of 1961, 72 P.S. §§2485-709, 2485-710, it is the Commonwealth's burden to prove the validity of any appraisement or assessment. *See Larimer Estate,* 29 Somerset Legal J. 61 (O.C. Pa. 1974). The Commonwealth contends that the issuance of the third appraisement herein was a mistake, and inasmuch as we have determined that there is no "remainder" interest to appraise, we will agree with the Commonwealth.

The order of the Orphans' Court of Delaware County dismissing the Executors' exceptions are hereby affirmed.

ORDER

The order of the Court of Common Pleas of Delaware County, Orphans' Court Division, dated November 30, 1984 at No. 74 of 1980, dismissing Appellants' exceptions to the adjudication and decree nisi dated November 26, 1980 and entering said decree as a final decree is hereby affirmed.