563 A.2d 1299

**COMMONWEALTH BANK AND TRUST COMPANY, N.A., a banking corporation doing business in Williamsport, Lycoming County, Pennsylvania and Paul W. Reeder, an individual, Petitioners,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 6, 1989.

Decided Sept. 13, 1989.

Petition for Allowance of Appeal Granted Jan. 3, 1990.

Paul W. Reeder, McCormick, Reeder, Nichols, Sarno, Bahl & Knecht, Williamsport, for petitioners.

Edward P. Carey, Pittsburgh, for respondent.

Before CRAIG, DOYLE and PALLADINO, JJ.

PALLADINO, Judge.

Commonwealth Bank and Trust Company and Paul W. Reeder, (Petitioners) co-trustees under the will of Robert H. Thorne, appeal from an order of the Department of Public Welfare (DPW) affirming a decision of the Lycoming County Assistance Office (CAO) denying medical assistance benefits for Joan S. Frymire.  For the reasons set forth below, we affirm.

The sole issue presented in this appeal is whether the principal of a testamentary trust is a resource which must be considered in determining Mrs. Frymire's medical assistance eligibility.  There is no dispute that Mrs. Frymire would be eligible for medical assistance but for the principal in the trust.

Mrs. Frymire's son, Robert H. Thorne, established several trusts through his will for the benefit of his mother, wife, children, and grandchildren.  The trust in question (Thorne Trust) reads as follows:

I give to my Trustees hereinafter named, IN TRUST, the sum of TWENTY–FIVE THOUSAND DOLLARS ($25,000.00) to hold, manage, invest, and reinvest the same, to collect the income, and after paying all expenses incident to the management of the trust, to pay the net income in at least quarterly installments to my Mother, JOAN S. FRYMIRE, during her lifetime, and upon her death the principal then remaining in the hands of my Trustees shall become part of my residuary estate. In addition to the distribution of the net income, I hereby authorize my Trustees, in their uncontrolled discretion, but having in mind the income or principal that may be available to or for her from other sources, to pay over to my Mother so much of the principal of this trust as my Trustees shall deem needful or desirable for her support and maintenance, including medical, surgical, hospital, or other institutional care. If my Mother shall predecease me, then this gift shall have no effect, and the bequest to my Mother, JOAN S. FRYMIRE, shall be void.

The medical assistance program is a cooperative program between the federal and state governments [1] and as such is subject to both federal and state regulations. In determining financial eligibility for nursing home care for the elderly, only those individuals who meet the income and resource requirements of the supplemental security income program are eligible. 42 U.S.C. § 1396a(a)(10)(A)(ii)(I) and 42 U.S.C. § 1396a(a)(10)(C)(i)(III). At the time Mrs. Frymire's application for medical assistance was submitted the limitation of resources was $1,900.00. 20 C.F.R. § 416.1205(c). Mrs. Frymire met this requirement, only if the principal of the Thorne Trust was not considered an available resource.

A resource is any "real or personal property which a person has or can make available for partial or total support, including equitable interests and partial interests." 55

---

**1.** The applicable federal law is set forth at 42 U.S.C. §§ 1396–1396s (1982). The state statute is the Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. §§ 441–453.

Pa.Code § 178.2. Furthermore, the resource limitation requires an applicant to "take reasonable steps to obtain and make available resources to which he is, or may be, entitled unless he can show good cause for not doing so." 55 Pa.Code § 178.1(g).

The Petitioners are requesting that this court interpret the language in the trust instrument directing the trustees to consider all "income or principal that may be available" before distributing the principal of the trust to include therein medical assistance benefits. Medical assistance, however, is neither income nor principal. It is a form of public assistance designed to "promote the welfare and happiness of all the people of the Commonwealth" and is available only to the "needy and distressed" in order to "encourage self-respect [and] self-dependency...."[2] Accordingly, it is a benefit of last resort, available only to those without resources, not those who want to save their resources for future generations.

■■■ A court will not substitute its own judgment for that of the trustee with respect to the exercise of discretionary power. *In re Briggs' Estate*, 150 Pa.Superior Ct. 66, 27 A.2d 430 (1942). However, no matter how broad the discretion, a court may prevent a trustee from acting in a manner which would frustrate the true intent and purpose of the testator. *In re Hansen's Estate*, 344 Pa. 12, 23 A.2d 886 (1942); *In re Briggs' Estate*. It is clear from the language in the trust instrument that the intent of Robert H. Thorne was to provide such necessary medical and institutional care for his mother as she herself could not provide. At the time the Thorne Trust was created, Mrs. Frymire was the beneficiary of another trust. As a result, the trustees properly could consider the income and principal of this trust in exercising their discretion on whether to invade the principal of the Thorne Trust for medical or institutional care expenses. Once Mrs. Frymire exhausted her own trust, the exercise of reasonable judgment would require the distribu-

2. Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. § 401.

tion of the Thorne Trust. To hold otherwise would frustrate the true intent of the testator.

Petitioners argue that the case at bar is controlled by *Lang v. Department of Public Welfare*, 515 Pa. 428, 528 A.2d 1335 (1987). We disagree. In *Lang* the question before the supreme court was whether the principal of a discretionary testamentary trust was an available resource of a beneficiary institutionalized at a state mental retardation center. Relying on Section 502 of the Mental Health and Mental Retardation Act of 1966 [3] (Mental Health Act) the court held that the principal was not an available resource. This section of the Mental Health Act provides that the Commonwealth shall be financially responsible for the institutional care of most mentally disabled persons over the age of eighteen. We believe that the ruling in *Lang* is limited to recipients of funds under the Mental Health Act, because the result is due to the stated public policy regarding the apportioning of costs for caring for the mentally disabled.

In contrast, there is no similar policy for general or medical assistance payments. In fact, the public policy of this Commonwealth requires children to support their parents if financially able.[4] In this case, the creation of the Thorne Trust shows the intent of the son to provide for his mother.

Keeping this general public policy in mind, we conclude that *Stoudt v. Department of Public Welfare*, 76 Pa.Commonwealth Ct. 576, 464 A.2d 665 (1983) controls the case at bar. In *Stoudt* the petitioner was the beneficiary of a testamentary discretionary support trust established by her father. The operative language in the trust gave the trustee the power "to pay so much of the income and principal of said trust as he in his sole discretion deems *necessary for the maintenance and support* of my daughter, *Eva E. Stoudt*, for and during her natural life." *Id.*, 76 Pa.Com-

---

3. Act of October 20, 1966, Spec. Sess. No. 3, P.L. 96, *as amended,* 50 P.S. § 4502.

4. Section 3 of The Support Law, Act of June 24, 1937, P.L. 2045, *as amended,* 62 P.S. § 1973.

monwealth Ct. at 578, 464 A.2d at 666 (emphasis in original). The court held that the trustee was required to administer the trust solely in the interest of the beneficiary and that the beneficiary could compel him to do so. *Id.*

■ Our conclusion that the principal of the Thorne Trust is an available resource is not only required by the public policy of this Commonwealth, but is consistent with the decision in *Lang.* The supreme court recognized that recipients of funds under the Mental Health Act were a special class when it stated that "general medical assistance may not be available to persons who are sole beneficiaries of 'support' trusts and require nursing home care." *Lang,* 515 Pa. at 440, 528 A.2d at 1341. Until such time as the legislature acts to express a contrary public policy, we believe that medical assistance is not available to beneficiaries of discretionary support trusts, when the principal of such a trust is above the resource limit.

Accordingly, we affirm the order of the Department of Public Welfare.

## ORDER

AND NOW, September 13, 1989, the order of the Department of Public Welfare is affirmed.