**Nesley Estate**

*John A. Koury,* for executor.
*Lane H. Daylor,* for objector.
*David G. Garner,* for residuary beneficiaries.

14

WOOD, *P.J.*, May 25, 1993—Presently before me are the objections and supplemental objections of Betty J. Kulp to the petition and supplemental petition for adjudication.

This case involves an interpretation of paragraph 3 of testator's will, which provides in pertinent part:

"(3) In the event that I have *a companion* living with me on the premises at the time of my death and provided that my residence is *the principal place of residence* of said companion at the time of my death, *in the sole opinion of my executor,* I give and bequeath unto my said companion the real estate consisting of my residence and the lot upon which same is situate, all personal property located on the premises, including my automobile, my furniture and household utensils." (emphasis added)

The issue is whether or not the executor properly exercised its discretion in deciding Betty Kulp was not the "companion" under paragraph 3 of the will. "A court will not substitute its own judgment for that of the trustee with respect to the exercise of discretionary power.... However, no matter how broad the discretion, a court may prevent a trustee from acting in a manner which would frustrate the true intent and purpose of the testator": *Commonwealth Bank and Trust Co., N.A. v. Commonwealth, Dept. of Public Welfare,* 128 Pa. Commw. 528, 563 A.2d 1299 (1989); citing, *In re Hansen's Estate,* 344 Pa. 12, 23 A.2d 886 (1942); *In re Briggs' Estate,* 150 Pa. Super. 66, 27 A.2d 430 (1942). "[T]he exercise of discretion by trustees is ... subject to the limitation that they must not act outside the bounds of *reasonable* judgment": *Briggs' Estate, supra.* (emphasis added)

In my previous opinion disposing of motions in limine by the executor and residuary beneficiaries, I decided

that I would examine evidence which the executor had actually considered as well as evidence which any executor would *reasonably* consider in similar circumstances. On March 17 and 18, 1993, I heard oral argument and listened to testimony on the issue of the reasonableness of the executor's exercise of discretion.

The evidence that the executor had or should have considered for its determination and its reasons for rejecting Betty Kulp's claims are the following: First, in testator's will, Betty Kulp had not been specifically named. She could have been, because she was living with testator when testator wrote his will. Second, Betty Kulp did live with testator before his death and at his home after his death. However, testator's home was arguably not her "principal residence" because she continued to be married to Paul Kulp, who lived elsewhere. Third, Betty Kulp was specifically named elsewhere in the will to receive $10,000. She also received an amount outside the will. Those gifts arguably represented the extent of testator's gratitude for her taking care of him. If testator meant for her to receive anything more, he could have named her specifically as he did with those gifts.

After reviewing the facts and reasons relied upon by trustee, I conclude that the executor acted reasonably and did not abuse its discretion.

Counsel for Betty Kulp argued that she was the "companion" under the will, by citing the dictionary meaning of "companion" and "principal residence." He points out that Betty Kulp was the "companion" living in the decedent's household at time of his death, by virtue of any standard definition of that term, and since she lived there not only for at least six months before his death but for a year afterwards, that was her "principal residence," again by any standard definition of that term.

" 'No will has a brother'.... Each will is its own best interpreter, and a construction of one is no certain guide to the meaning of another [citations omitted]": *Estate of Houston,* 491 Pa. 339, 346 n.5, 421 A.2d 166, 170 n.5 (1980), quoting *Williamson's Estate,* 302 Pa. 462, 466, 153 A. 756, 766 (1931).

There may be cases which interpret the term "companion" in the same way that Betty Kulp wishes to interpret it in this case. Considering the evidence peculiar to this case, however, the "companion" that testator intended to describe in the will seems to be more than just a friend who took care of him; rather, it probably was someone with whom testator had an intimate relationship. In any event, the decision as to who the "companion" was, if any, was left to the executor, and I can't say that its decision was unreasonable.

I also observe that Betty Kulp has withdrawn all other claims against the estate.

Based on the foregoing, I enter the following

### ORDER

And now, May 25, 1992, upon consideration of the briefs of counsel and oral argument, the respondent's objections to the first and interim account are dismissed.